NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ATM SHAFIQUL KHALID, Esquire, an individual and on behalf of similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> MICROSOFT CORPORATION, a Washington corporation; JOHN DOE, 1 - n, <br><br> Defendants-Appellees. | No. 20-35921 <br><br> D.C. No. 2:19-cv-00130-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 10, 2023[**]
San Francisco, California

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

ATM Shafiqul Khalid appeals pro se the district court's dismissal of his action against Microsoft Corporation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Curry v. Yelp, Inc.*, 875 F.3d 1219, 1224 (9th Cir. 2017). We affirm the district court's judgment.

The district court properly concluded that the second amended complaint failed to state an antitrust claim under § 1 of the Sherman Act because it failed to allege an actionable conspiracy or agreement. *See Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 20 F.4th 466, 479 (9th Cir. 2021) (elements of an antitrust claim under § 1). Khalid's allegations regarding an employee agreement concerned only Microsoft's unilateral conduct. *See Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 769 (1984) ("[O]fficers or employees of the same firm do not provide the plurality of actors imperative for a § 1 conspiracy."). As to any conspiracy between Microsoft and Citrix Systems, Inc., Khalid did not allege antitrust injury as required under a rule of reason analysis and did not allege sufficient facts to support application of a per se or quick look analysis. *See FTC v. Qualcomm, Inc.*, 969 F.3d 974, 989 (9th Cir. 2020) (rule of reason analysis); *California ex rel. Harris v. Safeway, Inc.*, 651 F.3d 1118, 1133–34 (9th Cir. 2011) (en banc) (per se and quick look analysis). The second amended complaint also failed to state an

2

attempted monopolization claim under Sherman Act § 2. *See Optronic Techs., Inc.*, 20 F.4th at 481–82 (elements of claim).

The second amended complaint failed to state a RICO claim under 18 U.S.C. § 1962(c) because it failed to sufficiently allege an enterprise or predicate acts of extortion or wire fraud. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (elements of a civil RICO claim); *United States v. McFall*, 558 F.3d 951, 956 (9th Cir. 2009) (extortion under Hobbs Act, 18 U.S.C. § 1951(b)(2)); *Wilkie v. Robbins*, 551 U.S. 537, 566–67 (2007) (extortion generally); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014) (wire fraud under 18 U.S.C. § 1343). Because Khalid failed to state a RICO claim under § 1962(c), he also failed to state a RICO conspiracy claim under § 1962(d). *See Howard v. Am. Online, Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

Khalid failed to state a forced labor claim under the Trafficking Victims Protection Act because he did not plausibly allege Microsoft attempted to coerce him into providing labor. 18 U.S.C. § 1589.

Khalid failed to state a civil rights claim under 42 U.S.C. § 1983 because he did not sufficiently allege state action. *See Ballinger v. City of Oakland*, 24 F.4th 1287, 1300–01 (9th Cir. 2022). He failed to state a claim under 42 U.S.C.

§ 1985(3) because he failed to allege that racial or class-based discriminatory animus motivated Microsoft's actions. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268–69 (1993). Khalid did not state a claim under § 1985(2) as he did not allege witness intimidation. *See Kush v. Rutledge*, 460 U.S. 719, 723 (1983).

The district court properly dismissed Khalid's claim for declaratory relief for lack of an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), and failure to clearly explain the claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (to survive a Rule 12(b)(6) dismissal, a complaint must allege enough facts to provide both "fair notice" of the particular claim being asserted and "the grounds upon which it rests").

**AFFIRMED.**